UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**DELTBER KEYES**                                                                                           **PLAINTIFF**

VERSUS                                                              CIVIL ACTION NO. 1:22-CV-5-TBM-RPM

**JARITA BIVENS et al**                                                                            **DEFENDANTS**

## REPORT AND RECOMMENDATION

Plaintiff Deltber Keyes, proceeding *pro se* and *in forma pauperis*, filed a 42 U.S.C. § 1983 prisoner civil rights complaint alleging an equal protection claim against Defendants Jarita Bivens and Jennifer Roberts in their capacities as Assistant Directors of Offender Services at the South Mississippi Correctional Institution (SMCI). Specifically, he asserts that sex offenders at SMCI are treated differently from non-sex offenders regarding job assignments and participation in other prison programs. Although not alleged in his original complaint, Keyes also asserts he has been denied a bottom bunk in violation of the Equal Protection Clause. Keyes is serving a sentence of life without parole for the robbery, kidnapping, and rape of an elderly woman. *See Keyes v. State of Mississippi*, 362 So.3d 1084, 1086-87 (Miss.Ct.App. 2018). He was sentenced as a habitual offender based on prior felony convictions for armed robbery and manslaughter. Defendants have filed a motion for summary judgment. Doc. [32].

## Law and Analysis

### Standard of Review

Rule 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

matter of law." Fed. R. Civ. P. 56(a); *Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010). Where the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, all other contested issues of fact are rendered immaterial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Topalin v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1992). In making its determinations of fact on a motion for summary judgment, the court must view the evidence submitted by the parties in a light most favorable to the non-moving party. *McPherson v. Rankin*, 736 F.2d 175, 178 (5th Cir. 1984).

The moving party has the duty to demonstrate the lack of a genuine issue of a material fact and the appropriateness of judgment as a matter of law to prevail on its motion. *Union Planters Nat'l Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982). The movant accomplishes this by informing the court of the basis of its motion, and by identifying portions of the record which highlight the absence of genuine factual issues. *Topalian*, 954 F.2d at 1131. "Rule 56 contemplates a shifting burden: the nonmovant is under no obligation to respond unless the movant discharges [its] initial burden of demonstrating [entitlement to summary judgment]." *John v. State of Louisiana*, 757 F.3d 698, 708 (5th Cir. 1985). Once a properly supported motion for summary judgment is presented, the nonmoving party must rebut with "significant probative" evidence. *Ferguson v. Nat'l Broad. Co., Inc.*, 584 F.2d 111, 114 (5th Cir. 1978).

**Mootness**

As an initial matter, to the extent Keyes seeks injunctive or declaratory relief, his claims appear to be moot because he is no longer housed at SMCI. In his complaint, Keyes alleges he was denied participation in certain educational and rehabilitative programs and denied job assignments at SMCI. At the screening hearing, he also testified that Defendants would not

provide him a bottom bunk.  He has named the Assistant Directors of Offender Service at SMCI as defendants.[1]  On September 8, 2023, Keyes filed a change of address with the Court indicating he is now housed at the Wilkinson County Correctional Facility (WCCF).  Doc. [36].  A review of the Mississippi Department of Corrections inmate database indicates he remains at WCCF as of the date of this order.

      Generally, where an inmate challenges conditions of confinement at a particular prison facility, the transfer of the inmate out of that facility renders moot any claims for injunctive or declaratory relief against defendants at that unit.  *See Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001).  At the screening hearing, Keyes focused almost exclusively on the fact that he has been denied job assignments at SMCI.  In particular, he requested job placement either in the laundry or central kitchen.  At one point, he testified he simply wants prison officials at SMCI to put him to work and even suggested he would dismiss his lawsuit if he were placed in a job assignment.  In essence he requests an order directing that SMCI give him a job assignment, enroll him in educational and rehabilitative programs, and give him a bottom bunk.  To the extent Keyes seeks an injunction directing SMCI officials to place him in a particular job at SMCI, his lawsuit is moot because he is now at WCCF.  *See Fry v. Elleby*, No. 92-1405, 1992 WL 276715, at *1 (6th Cir. Oct. 7, 1992) (inmate's reinstatement to job assignment and transfer to another prison facility rendered request for injunctive relief moot).  Likewise, his requests for a particular bunk assignment or enrollment in prison programs at SMCI are now moot. *Pierce v. Semple*, No. 3:18cv1858, 2020 WL 229605, at *5 (D.Conn. Jan. 15, 2020); *Walker v. Dzurenda*, 2020 WL 6880828, at *1, No. 2:19-cv-01587-JAD-NJK (D.Nev. Nov. 23, 2020); *Goins v. Jones*, No. 4:17-cv-492-MW-GRJ, 2018 WL 1033360, at *3 (N.D.Fla. Feb. 15, 2018).

---

[1] Defendant Bivens served as the Assistant Director of Offender Services at SMCI until her retirement on September 30, 2022.  Defendant Roberts currently serves in that position.  Doc. [32-1].

**Equal Protection Claim: Sex Offenders**

Keyes asserts an equal protection claim and argues that sex offenders at SMCI are treated differently from non-sex offenders regarding job assignments and participation in other inmate programs. At the screening hearing, Keyes gave contradictory and at times confusing testimony regarding his offender status. Keyes argues inmates who are sex offenders are treated differently from non-sex offenders; however, he testified he does not consider himself to be a sex offender. According to Keyes, sex offenders are serious predators who prey on children or defenseless women. At the screening hearing, he admitted he was convicted of forcible sexual intercourse but asserted he is not a rapist. Thus, by application of Keyes' obtuse logic, it is unclear whether he considers himself a member of the class of sex offenders being treated differently from similarly situated inmates. Regardless, Keyes testified he asked for a job either in the laundry or central kitchen, but his case manager informed him he could not work in those areas because of the nature of his conviction. He stated he is unaware of any written policies or procedures preventing sex offenders from working in specific jobs or programs.

To prevail on an equal protection claim, Keyes must show that a state actor intentionally discriminated against him because of membership in a protected class, or that he was intentionally treated differently from others similarly situated, that the unequal treatment was based on some constitutionally protected interest, and that there is no rational basis for the difference in treatment. *See Gibson v. Tex. Dep't of Insurance*, 700 F.3d 227, 238 (5th Cir. 2012); *Stefanoff v. Hays County*, 154 F.3d 523, 526 (5th Cir. 1998). At the screening hearing, Keyes admitted that sex offenders are employed throughout SMCI in many different positions. For example, he testified sex offenders are working in the administration building and the canteen. To a large degree, his equal protection claim based on SMCI allegedly treating sex

4

offenders differently from non-sex offenders is belied by Keyes' own testimony. To the extent sex offenders are not permitted certain job assignments, Defendant Roberts stated that SMCI placed limitations on job assignments for inmates such as Keyes who have been convicted of forcible rape. She further elaborated, "Keyes was not given a job in the laundry or central kitchen since there are often female employees, such as guards and nurses, present in those areas." Doc. [32-1]. Thus, with respect to job assignments, Defendants identified a rational basis for treating Keyes differently from similarly situated inmates based on his conviction of kidnapping and raping an elderly woman.

      Keyes in fact has received job assignments while at SMCI. He was employed at one time as a "hall man" and in the dining hall. Keyes voluntarily quit his job in the dining hall because of "activities" going on in there. At the hearing, Keyes indicated he would be willing to work anywhere at SMCI except the dining hall. Consequently, the issue is not that Keyes has not been assigned jobs at SMCI, he simply did not like his specific job assignments. Subsequent to the screening hearing, SMCI offered Keyes as a job as an inmate observer, which he accepted. Doc. [32-1], [32-5]. However, Keyes was fired from this job because he was caught stealing boxer shorts, a blanket, and a sheet from the restricted property receiving area. Doc. [32-1] at 2; [32-6]. Ultimately, Keyes' complaint should be dismissed because he possesses no constitutional right to a particular job classification or assignment. *See Bulger v. United States Bureau of Prisons*, 65 F.3d 48, 49 (5th Cir.1995); *Jackson v. Cain*, 864 F.2d 1235, 1248 n. 3 (5th Cir.1989). Nor does he possess a constitutionally protected interest in educational or rehabilitative programs while in prison. *See Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Bulger*, 65 F.3d at 49; *Beck v. Lynaugh*, 842 F.2d 759, 762 (5th Cir. 1988); *Lato v. Attorney General*, 773 F.Supp. 973, 978 (W.D.Tex. 1991). In short, Keyes has failed to state a constitutional claim.

**Bunk Assignment**

At the screening hearing, Keyes, who is black, indicated that Defendants discriminated against him based on race with respect to bunk assignments. Keyes asserts that white inmates are given bottom racks of their choosing. Nevertheless, he admits that several black inmates in his unit in fact received bottom bunks. Keyes requested a bottom rack. Defendant Roberts offered him a bottom rack, but he rejected the assignment because the bunk was located in a different unit of the prison. Apparently, Keyes did not want to move to a different unit.

Keyes made no mention of this allegation regarding his bunk assignment in the original complaint. *See* Doc. [1]. To the extent he seeks to raise it as a new claim, it is misjoined. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *Tuft v. Texas*, 397 F. App'x 59, 61 (5th Cir. 2010); *Hilton v. Pickell*, 2016 WL 1165433, at *3 (E.D. Mich. Mar. 25, 2016); *Tuft v. Chaney*, 2006 WL 2247813, at *1 (S.D. Tex. Aug. 4, 2006); *see also Patton v. Jefferson Corr. Center*, 136 F.3d 458, 464 (5th Cir. 1998) (recognizing that § 1915 intended to prevent creative joinder of actions). Nevertheless, by his own admission, Defendant Roberts offered Keyes a bottom bunk when he requested one. He simply refused the offer because he did not want to move to a different unit. Therefore, his claim is without merit.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that Defendants' [32] Motion for Summary Judgment be GRANTED and that Plaintiff Deltber Keyes' 42 U.S.C. § 1983 civil rights complaint be dismissed with prejudice as to all claims and all defendants. Based on Keyes' failure to state a constitutional claim, the undersigned further recommends that he be assessed a strike. *See Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2007). The three-strikes provision bars prisoners from proceeding IFP in a civil action or in an appeal of a judgment in a

civil action if, while incarcerated, the prisoner has had three prior actions or appeals dismissed for being frivolous or malicious or for failure to state a claim, unless the prisoner is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED AND ADJUDGED, this the 10th day of January 2024.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE